CA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GREGORY JOHNSON #B06569,<br><br>Petitioner,<br><br>v.<br><br>TERRY McCANN, Warden, Stateville Correctional Center,[1]<br><br>Respondent. | No. 06 C 5352 |

### MEMORANDUM OPINION AND ORDER

This action has just been reassigned to this Court's calendar from that of its now-departed colleague Honorable Mark Filip. Because it is ripe for decision, and given its age (much beyond that of the typical 28 U.S.C. §2254[2] Petition for a Writ of Habeas Corpus), this memorandum opinion and order will deal with it promptly.

That reference to the age of the case (something over 17 months) should not be mistaken as critical in nature. Not at all--when petitioner Gregory Johnson ("Johnson") first initiated this action, his initial state post-conviction proceeding had

---

[1] Although then Warden Deirdra Battaglia was correctly named as respondent when this case was filed, Terry McCann is now Warden at Stateville Correctional Center (where petitioner is serving his sentence) and is therefore substituted as respondent (see Fed. R. Civ. P. 5(d)(1) and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")).

[2] All further references to Title 28's provisions will simply take the form "Section--."

ended but he still had a second such state petition in the works. Accordingly Judge Filip gave him the option either (1) to dismiss the Petition without prejudice for failure to have exhausted his asserted state remedies, with leave to seek reinstatement after the complete exhaustion of those state remedies, or (2) to proceed on the already-exhausted claims with the risk that he might later be unable to present the claims raised by his second state petition in a second (and hence successive) federal petition.[3] Johnson opted for the first alternative, so that dismissal without prejudice was ordered on November 2, 2006--and just over a year later, when the second state petition had run its course, the federal Petition was reinstated and respondent was ordered to answer or otherwise plead to it. Respondent's

---

[3] Something over a year before Judge Filip tendered those options to Johnson, the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005) again wrestled with the problems posed by such "mixed" petitions and held that district courts had discretion to follow a "stay-and-abeyance" procedure under which the federal petition could be held open while petitioner returned to the state courts to complete the exhaustion of his or her initially unexhausted claims (an alternative, as this Court recalls, that our Court of Appeals had previously authorized and one that this Court has employed in the past). Such a stay might have eliminated the risk that if (as later proved to be the case here) the then-undisposed-of state petition were held not to have been properly filed, a new attempt at a federal petition might run afoul of AEDPA's one-year limitation period under Section 2244(d)(1)--note that the tolling provision of Section 2244(d)(2) applies only during the pendency of "a properly filed application for State post-conviction or other collateral review." Rhines' 5-to-4 decision reflected some perils that any handling of the "mixed" petition phenomenon might entail--but fortunately any Section 2244(d)(1) considerations need not give pause, for respondent has not advanced any limitations defense.

2

Answer was filed a month ago, rendering the matter (as said at the outset) capable of disposition.

One thing that Johnson cannot complain about is a lack of thoroughness on the part of Assistant Attorney General Charles Redfern in responding to the Petition. What the Answer reflects is a carefully researched and meticulously analyzed 63-page compendium, dealing in close detail with each of the ten claims that Johnson tenders in the Petition (pages 7 and 8 of the Answer, which list the ten claims, are attached as Exhibit 1 to this opinion). After setting out the factual background of the crime of first degree murder on which Johnson was convicted, together with the state trial court's rulings in the bench trial (Answer at 11-19), the Answer proceeds to explain--with extraordinary thoroughness and accuracy--just how and why Claims One, Three, Four, Five, Six, Seven, Nine and Ten are procedurally defaulted under such controlling authorities as O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and cases of which Grigsby v. Cotton, 456 F.3d 727, 732 (7th Cir. 2006) is a typical example.

That discussion of the procedural defaults that infect eight of Johnson's ten claims is accompanied (in a kind of belt-and-suspenders approach) with an equally careful explanation of why all of those claims also fail on the merits. After Answer at 19-32 has devoted itself to the chapter-and-verse exposition of the procedural defaults, Answer at 32-36 spell out the lack of any

3

showing of cause and prejudice or of a fundamental miscarriage of justice that might otherwise have excused the procedural defaults. Then Answer 37-40, 47-52, 56-57 and 62 spell out why the procedurally defaulted claims lack substantive merit as well (really out of a superabundance of caution, in case this Court were not persuaded--as it has been--by the procedural default arguments).

Hence only Claims Two and Eight call for a merits-based review, because they alone do not succumb in procedural default terms. And those claims may also be given short shrift.

As for Claim Two, AEDPA's Section 2254(d) sets the high bar that a state prisoner must surmount, a bar explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000). Answer at 42-43 quotes at some length the determination that the Illinois Appellate Court made on the sufficiency-of-the-evidence argument advanced in Claim Two, while Answer at 41 and 43-46 tell why Johnson fails on both grounds that might potentially be available to him under Section 2254(d).

As for Claim Eight, Answer at 53-56 properly identifies the operative standard for ineffective assistance of counsel claims under the seminal decision in Strickland v. Washington, 466 U.S. 668 (1984), as well as setting out a substantial amount of caselaw at the Court of Appeals level that applies Strickland. After that, Answer at 57-62 explains in detail why Claim Eight

also fails on the merits (and, indeed, Claim Ten as well).

This opinion constitutes a major departure from this Court's nearly universal practice of spelling out its factual and legal analysis with precision and, it is hoped, with total thoroughness. But in this instance the extraordinary care that has been devoted to all of the issues in the Answer has been so pronounced--and so accurate--that it would involve needless effort simply to parrot what has been said there.

Accordingly this Court adopts the analysis in the Answer as its own. It determines that no evidentiary hearing is warranted (see Section 2254 Rule 8(a)), and it appropriately adapts Section 2254 Rule 4 by holding that "it plainly appears from the petition and [the Answer and] any attached exhibits that the petitioner is not entitled to relief in the district court." Accordingly the Petition and this action are dismissed.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date: March 10, 2008

  H. the trial court erred in granting the State's objections during defense counsel's examination of witness Truell;

  I. his sentence was disparate when compared to similarly situated defendants;

  J. the Assistant State's Attorney committed misconduct; and

  K. his Due Process rights were violated under the 5th and 14th Amendments.

(Exhibit V at 2). The Supreme Court of Illinois denied the PLA on September 26, 2007. (Exhibit W). Petitioner did not file a petition for a writ of certiorari to the Supreme Court of the United States.

  5. On October 2, 2006, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). As petitioner's second postconviction petition was then pending in the Illinois state courts, this Court dismissed without prejudice the October 2, 2006 habeas petition for failure to exhaust state remedies and granted petitioner leave to reinstate following the exhaustion of state remedies. (Doc. 10). On October 29, 2007, petitioner filed a motion to reinstate his habeas petition stating that he had exhausted his state court remedies. (Doc. 11). This Court granted the motion to reinstate on November 14, 2007 and ordered respondent to answer or otherwise plead. (Doc. 12). In the present habeas petition, petitioner alleges that:

  Claim One: the trial court abused its discretion in sustaining the State's objection to the introduction of Clark's grand jury testimony to impeach her trial testimony;

  Claim Two: the guilty verdict was against the manifest weight of the evidence;

-7-

| | |
|---|---|
| Claim Three: | the trial court erred by limiting petitioner's cross examination of Truell; |
| Claim Four: | the trial court erred by reaching a guilty verdict when, sitting as the finder of fact, it found Truell not credible; |
| Claim Five: | the prosecutor used perjured in-court testimony as demonstrated by the witnesses' prior inconsistent statements; |
| Claim Six: | his sentence was disparate to other similarly situated defendants; |
| Claim Seven: | he received ineffective assistance of trial counsel because trial counsel did not view the crime scene in order to prepare a complete defense |
| Claim Eight: | he received ineffective assistance of trial counsel because trial counsel did not present the alibi witness, Scott Coleman, in the defense; |
| Claim Nine: | his Sixth Amendment confrontation rights were violated because the out-of-court statement that petitioner made to witness Clark was not subject to cross-examination; and |
| Claim Ten: | he received ineffective assistance of appellate counsel for failing to raise these issues on appeal. |

6.     In compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent has filed Exhibits A-CC, with the Clerk of this Court, under separate cover:

| | |
|---|---|
| Exhibit A: | Docket Sheet, *People v. Johnson*, No. 99 CR 344, Circuit Court Cook County; |
| Exhibit B: | Petitioner's Opening Brief on Direct Appeal, *People v. Johnson*, No. 1-00-2464 (Ill. App.); |
| Exhibit C: | State's Brief on Direct Appeal, *People v. Johnson*, No. 1-00-2464 (Ill. App.); |